## KEMPSY v. METCALF.

1. **Contract:** ORAL NOT SUPERSEDED BY WRITTEN. Where the parties made an oral agreement in relation to a certain building, and nearly a year later they entered into a written contract concerning the same building, but the second contract did not include the subject-matter, nor cover the time, of the first, *held* that the first contract was not merged in, nor the right of recovery thereunder in any way affected by, the second.

2. **No error:** JUDGMENT AFFIRMED. No error appearing in the instructions, and the evidence being in conflict, the judgment below must be affirmed.

*Appeal from Jones District Court.*

WEDNESDAY, JUNE 13.

THE plaintiff alleges in his petition, in substance, that in the year of 1879, the plaintiff took possession, under a contract of purchase, of a certain store building in Anamosa, which was out of repair and unfit for use, and that, subsequent to the contract of purchase, it was verbally agreed between plaintiff and defendant, that in case plaintiff was not able to pay for said building, defendant would pay plaintiff for all improvements made thereto; that plaintiff paid in improvements upon said building, over and above the sum paid for rent, the sum of $561.20, and that defendant has taken possession of said building as his own, including all of said improvements. The plaintiff also claims of defendant the value of certain shelving, drawers, etc., amounting to the sum of $50. The defendant answered, denying the alleged verbal agreement, alleging a settlement of all accounts on March 1, 1881, and, by way of counter claim, asking judgment upon a note given at the time of the alleged settlement. The plaintiff replied, admitting the execution of the note, and calling for proof of the amount due thereon, and alleging that the settlement and the receipt executed at the time were obtained by fraud. There was a jury trial

resulting in a verdict and judgment for the plaintiff for $300. The defendant appeals. The facts are stated in the opinion.

*Sheean & McCarn*, for appellant.

*Remley & Ercanbrack*, for appellee.

DAY, CH. J.—I. The plaintiff introduced evidence tend-ing to show the making of a verbal contract with the defend-ant, as alleged in the petition, on the third day of February, 1879. The plaintiff also introduced evidence tending to establish the expenditure of the amount alleged in the peti-tion, in repairs upon the building, and testified that the whole sum was expended between the third day of February, 1879, and the first day of January, 1880. The defendant introduced in evidence a written contract executed by the plaintiff and defendant, dated January 1, 1880, for the rent of the premises to plaintiff for one year. This contract further stipulated that the plaintiff might buy the premises at any time within the term of the lease, for the sum of $2,800, and provides for the times and terms of payment. It is silent respecting any provision for the payment for the improvements in case the plaintiff should not purchase the premises. The defendant, in effect, asked the court to instruct the jury that this written agreement superseded all prior verbal agreements in regard to repairs and improve-ments upon the property. The refusal of the court to so instruct is the principal error complained of. The action of the court was right. The contract purports only to be a con-tract of lease, with an agreement that plaintiff might pur-chase on certain terms. It does not purport to make any provision as to the rights of the parties in case the plaintiff should not purchase. It cannot, therefore, in any manner affect the plaintiff's right to be paid for improvements before that time made under a distinct contract.

II. The defendant claims that a certain instruction as to

Kempsy v. Metcalf.

the receipt given at the time of the alleged settlement is erroneous. At the same time the defendant concedes in the reply that there could at that time have been no settlement of the improvements now in controversy, because the defendant never admitted any liability for them, and that no one in the case alleged or testified that these improvements were settled or paid for. This admission, we think, disposes of the objection to the instruction as to the receipt. The only effect that the receipt could possibly have would be to raise a presumption that no agreement to pay for the improvements had been made. But this presumption would not be conclusive.

III.   The defendant insists that the court erred in stating the issues to the jury. The instructions seem to us to present the claims of the respective parties, as set forth in their pleadings, with fairness and fullness. We do not think that the defendant has sustained any prejudice in the matter complained of.

IV.   It is insisted that the verdict is not sustained by the evidence. The testimony is conflicting, and is not of such a character as to warrant our disturbing the verdict. The plaintiff filed an amended abstract of ten pages. The appellant asks that if the judgment should be affirmed the costs of this abstract be taxed to the plaintiff. We do not think this should be done. We discover no error in the record prejudicial to the appellant.

AFFIRMED.